IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATONYA M. INMAN., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 23 C 4380 |
| v. | ) |
| | ) Judge Jorge Alonso |
| CREDIT GLORY, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff's request for default [5] is denied. By October 13, 2023, plaintiff shall either (a) show cause why this case should not be dismissed for lack of personal jurisdiction over the defendant, Credit Glory, Inc., and for improper venue, or (b) file a motion to transfer this case to another federal district court that would have personal jurisdiction over defendant and in which venue is proper.

## STATEMENT

Plaintiff, Latonya Inman, filed this lawsuit against Credit Glory, Inc., claiming that defendant violated the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* Plaintiff filed a return of service on August 10, 2023, including an affidavit from a process server who states that she served defendant via its registered agent at 5900 Balcones Drive, Suite 100, Austin, Texas. Defendant never filed any answer or appearance, and plaintiff has filed a request for entry of clerk's default. As the Court will explain below, the Court has some reservations about proceeding toward default judgment without additional information to establish that this case belongs in this forum.

I.  **Personal Jurisdiction**

"[I]t is well established that a Court may (and perhaps must) consider the issue of personal jurisdiction *sua sponte* when addressing imposition of a default." *Plaintiffs A, B, C, D, E, F v. Zemin*, No. 02 C 7530, 2003 WL 22290409, at *1 (N.D. Ill. Oct. 6, 2003) (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997); *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)); *see Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("[W]e agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.");[1] *see also Mark IV Transportation & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017).

"In a federal question case such as this one, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Credit Repair Organizations Act does not authorize nationwide service of process, *see* 15 U.S.C. §§ 1679-1679j, so personal jurisdiction in this case is governed by Illinois law. Illinois's long-arm statute authorizes personal jurisdiction to the extent permitted by the Illinois Constitution, 735 ILCS 5/2–209(c), and the United States Constitution. *See Mobile Anesthesiologists*, 623 F.3d at 443. "The key question is . . . whether the defendants have sufficient 'minimum contacts' with Illinois such that the maintenance of the suit

---

[1] It does not necessarily follow that district courts in this circuit *must* assure themselves of personal jurisdiction before granting a default judgment. Although several circuits have imposed such a requirement, including the Fifth, Ninth and Tenth Circuits in the above-cited cases, the Seventh and Second Circuits have left the question open. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 599 (7th Cir. 2007); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (citing *Sinoying Logistics*, 619 F.3d at 213 n.7).

'does not offend traditional notions of fair play and substantial justice.'" *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: general and specific. General jurisdiction exists where a defendant has "continuous and systematic general business contacts" with the forum, while specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 414 n.8 (1984)).

In her complaint, plaintiff alleges that she is a resident of Waterbury, Connecticut. She also alleges that defendant "regularly conducts business" in this district, as "one of Defendant's principal places of business is located" in Chicago at "625 North Michigan Avenue, Suite 1000." (Compl. ¶¶ 3-5, 5 n. 1.) But the Court knows this address to be associated with the Robert H. Lurie Comprehensive Cancer Center of Northwestern University. Plaintiff cited a web address, http://www.creditglory.com/locations/chicago, to support her allegations about defendant's Chicago office, but the only brick-and-mortar address that the Court found listed on that webpage is "1887 Whitney Mesa Dr Ste 2089, Henderson, NV 89014." Further, the Court's research revealed that plaintiff's counsel recently filed a different action on behalf of a different plaintiff against this same defendant in the United States District Court for the Northern District of Texas, alleging that "Defendant is incorporated under the laws of the state of Nevada with its principal place of business located at 1887 Whitney Mesa Dr., Suite 2089, Henderson, Nevada." *See* Compl. ¶ 3, *Rhodes v. Credit Glory, Inc.*, Case No. 22 C 2095 (N.D. Tex. Sep. 21, 2022). In the Texas action, defendant was served via its registered agent at the same address as in this case, 5900

3

Balcones Drive, Austin, Texas, but defendant never appeared in that action, either. There, in an affidavit in support of a motion for entry of default, counsel declared under penalty of perjury that defendant is "a Texas corporation, with its principal place of business in Austin, Texas." Aff. of Marwan Daher ¶ 2.B., ECF No. 9-1, *Rhodes v. Credit Glory, Inc.*, Case No. 22 C 2095 (N.D. Tex. Nov. 4, 2022). Given these conflicting statements by plaintiff's counsel, it is unclear to the Court where defendant's principal place of business is, and it doubts whether it is in Chicago.

The only alleged connection defendant has to the Northern District of Illinois is that it allegedly keeps an office (somewhere) in this district. But keeping an office in a particular forum is not sufficient to demonstrate general jurisdiction, even if it is combined with significant other business activities in the forum. *See Guaranteed Rate, Inc. v. Conn*, 264 F. Supp. 3d 909, 915-16 (N.D. Ill. 2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014)). Instead, the business activity has to be so continuous and systematic as to render the defendant essentially "at home" in the forum state, such that it might fairly be held to answer there for tortious conduct taking place anywhere in the world. *Daimler*, 571 U.S. at 138-39. Given that plaintiff's allegations on this essential point rest on a principal place of business that may or may not exist at the address plaintiff has cited, and given plaintiff's counsel's inconsistent statements about whether defendant's principal place of business is really located in this district, plaintiff's allegations do not establish general jurisdiction to the Court's satisfaction.

For specific jurisdiction, the connection to the forum need not satisfy the same standard of "continuous and systematic contacts," but the contacts on which the plaintiff relies must give rise to the cause of action. Plaintiff's claim does not appear to arise out of or relate to any contacts between defendant and Illinois. *See Faxel v. Wilderness Hotel & Resort, Inc.*, No. 19 C 4649, 2019 WL 6467317, at *3 (N.D. Ill. Dec. 2, 2019) (citing *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d

4

421, 432 (7th Cir. 2010)). Indeed, there appears to be no connection between this case and the state of Illinois whatsoever, except that counsel is based here.

**II. Venue**

For the same reasons, the Court has serious questions about venue, which is proper in this district if defendant "resides" here or if "a substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C. § 1391(b). When a plaintiff files an action in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought," if any. 28 U.S.C. § 1406; *see Weiss v. Credit Suisse First Bos.*, No. 03 C 85, 2003 WL 115252, at *1 (N.D. Ill. Jan. 10, 2003) (Shadur, J.) (raising issue of venue *sua sponte* where venue was "obviously misplaced" and offering plaintiff the "option" of dismissal without prejudice or transfer).

A corporate defendant "resides," for purposes of venue, in any district in which it is "subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). As the Court has explained, it is unclear whether defendant is subject to this Court's personal jurisdiction in this case. And plaintiff has not alleged that any part, much less a substantial part, of the events giving rise to the claim occurred here.

The Court is reluctant to proceed toward default judgment with these questions unresolved. Although personal jurisdiction is waivable, one of the functions of the doctrine of minimum contacts is "protect[ing] the defendant against the burdens of litigating in a distant or inconvenient forum," burdens that courts should consider to be "a primary concern." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). The Court does not take that concern lightly, particularly when the defendant defaults, as the default gives rise to the suspicion that the defendant may have appeared and responded if the suit were properly brought in an appropriate forum. *See*

*First Nat. Bank of Louisville v. Bezema*, 569 F. Supp. 818, 820 (S.D. Ind. 1983); *see also Tuli*, 172 F.3d at 712 ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). To the extent defendant's state of residence, for purposes of venue, is based on personal jurisdiction, the venue statute reflects the same concerns.

      Therefore, for the foregoing reasons, the Court denies plaintiff's request for default and orders plaintiff either to (a) show cause why this case should not be dismissed for lack of personal jurisdiction and for improper venue, or (b) file a motion to transfer this case to another federal district court that would have personal jurisdiction over defendant and in which venue is proper.

**SO ORDERED**

                                                  **ENTERED: September 19, 2023**

                                                  **HON. JORGE ALONSO**
                                                  **United States District Judge**